JORDAN I. STOREY,

                                        Plaintiff,

        -v.-                                                    7:16-CV-206
                                                                (LEK/ATB)

WILLIAM MORRIS, et al.,

                                        Defendants.

JORDAN I. STOREY, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

        The Clerk has sent to me for review an amended complaint filed by plaintiff

Jordan Storey in response to an order that I issued on February 26, 2016. (Dkt. No. 10).

In my February 26, 2016 order, I reviewed plaintiff's initial complaint and found that,

although it did not state a claim as written, plaintiff should have the opportunity to

amend prior to my recommending dismissal under section 1915. (Dkt. No. 10).  On

April 14, 2016, plaintiff requested a "discontinuance" of the action "without prejudice"

so that the action could be "resumed" at a later date. (Dkt. No. 7).  The Honorable

Lawrence E. Khan granted plaintiff's request and the action was discontinued. (Dkt.

No. 8).  On November 18, 2016, plaintiff moved to reopen this action, and on January

13, 2017, plaintiff submitted an amended complaint for the court's review. (Dkt. Nos. 9,

10).  On January 30, 2017, Judge Kahn granted plaintiff's motion to reopen and

directed the Clerk to send me the amended complaint for an initial review. (Dkt. No.

11).

## I.      Initial Review

        As stated in my February 26, 2016 order, in reviewing a case in which the

plaintiff has qualified for in forma pauperis ("IFP") status, the court must determine

whether plaintiff meets the financial criteria to proceed IFP. (Dkt. No. 4 at 1). The court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.* (citing 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii)).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's amended

complaint under the above standards.

## II. Facts

Although familiarity with the original complaint is presumed, the court will re-state the relevant facts for purposes of a complete analysis of the amended complaint. In his amended complaint, plaintiff has clarified some of the claims that he wishes to make against the individual defendants under 42 U.S.C. § 1983. (Amended Complaint ("AC") ¶ 4 at CM/ECF p.2)[1] (Dkt. No. 10). However, he has stated the facts a little differently in the amended pleading, and he has left out some of the relevant facts that he included in his original complaint.[2]

Plaintiff states that during 2011, Ms. Smith, a student at SUNY Potsdam reported to the University Police that plaintiff forcibly touched her against her will. (*Id.*) Plaintiff states that SUNY Potsdam "provided" a "no-contact" agreement for plaintiff and Ms. Smith to sign, stating that the two students agreed that they would not have any contact with each other. (*Id.*) Plaintiff states that he signed the contract.

Plaintiff states that in 2014, he returned to SUNY Potsdam, but he did not have a place to live. (*Id.*) Plaintiff alleges that he was offered a room on campus by a "SUNY Potsdam staff member. (*Id.*) Plaintiff claims that this offer was "verified" by defendant Morris, the SUNY Dean of Students. After the "verification" by defendant Morris,

---

[1] Paragraph 4 of the amended complaint is written on two pages. The court will refer to paragraph 4 and to the page of the amended complaint that was assigned by the court's electronic filing system CM/ECF. However, the court will not repeat the "CM/ECF" designation.

[2] Plaintiff was specifically informed in my February 26, 2016 order that the amended complaint would supercede the original, and he should not incorporate any facts by reference. (Dkt. No. 10 at 11). Although plaintiff did not specifically "incorporate" facts by reference, he did omit facts that seem to relate directly to his claims. This court will interpret plaintiff's claims liberally and interpret the amended complaint to raise the strongest arguments that it suggests, given the court's familiarity with the original complaint.

plaintiff was placed in Draime Dormitory, where Ms. Smith was also living at the time. (*Id.*) Plaintiff states that "[o]nce Ms. Smith was made aware of [plaintiff's] presence, she notified police and reported . . . that [plaintiff] violated [their] agreement." (*Id.*) (ellipsis in original).

Plaintiff claims that SUNY Potsdam, "with the exclusive assistance of [defendant] Annette Robins leading the case," later expelled plaintiff. (AC ¶ 4 at 3). Plaintiff states that defendant Robins is the "Director of Code of Conduct," and that she "represented the school in the judiciary hearing to expel [him]." (*Id.*) Plaintiff alleges that defendant Robins had a "conflict of interest" and failed to provide plaintiff with all the necessary information to defend himself. Plaintiff claims that SUNY Potsdam failed to provide plaintiff a copy of the contract that he signed, despite his September 2016 Freedom of Information Law ("FOIL") request for the "signed" contract, and the specific charges against him. Because he was denied a copy of the contract, plaintiff claims that he had no "notice" of the "specific violations of conduct." Therefore, plaintiff alleges that he was denied due process in the proceeding which led to his expulsion from the university. Plaintiff alleges that defendant Esterberg, President of SUNY Potsdam affirmed the decision of the "board." (*Id.*)

The amended complaint contains three causes of action:

(1)   "Tort of Negligence." SUNY Potsdam failed to acknowledge the potential hazards of housing Ms. Smith and plaintiff in the same dormitory. Plaintiff alleges that defendant Morris "personally authorized" plaintiff's living arrangement, and he was placed in the "same living quarters as someone that [plaintiff] was lawfully obligated to avoid." (AC ¶ 5 - First Cause of Action ("COA").

(2)   "Due Process." SUNY Potsdam failed to provide plaintiff with a copy of the contract or specify the "terms of the contract" that plaintiff allegedly violated to substantiate the charges. Defendant Robins did not give

4

plaintiff "fair treatment or advice" because of a "conflict of interest in her professional position." (AC ¶ 5 - Second COA).

(3)    FOIL violation. SUNY Potsdam staff failed to give plaintiff "privileged information" about his case, notwithstanding a formal request under FOIL. (AC ¶ 5 - Third COA).

Plaintiff seeks substantial monetary relief. (AC ¶ 6). For the following reasons, this court finds that plaintiff has still failed to state a claim and will recommend dismissal of plaintiff's amended complaint for failure to state a claim.

# I.    Due Process

## A.    Legal Standards

In order to state a claim under section 1983, the plaintiff must allege that the conduct of which he complains was committed by a person acting under color of state law, and that such conduct deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States. *Attallah v. New York College of Osteopathic Medicine*, 94 F. Supp. 3d 448, 454 (E.D.N.Y. 2015) (citing *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985)), *aff'd*, 643 F. App'x 7 (2d Cir. 2016); 42 U.S.C. § 1983. An "implied contract" between a public college and a student, recognized under New York State law, provides the basis for a property interest which is entitled to constitutional protection. *Id.* (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cirl 1991)).

However, a plaintiff may not "plausibly claim" the deprivation of a protected interest when there is an adequate post-deprivation remedy available under New York State law. *Attallah v. New York College of Osteopathic Medicine*, 643 F. App'x at 10 (citing 94 F. Supp. 3d at 454-58; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Any

resulting deprivation of property by a state actor will not give rise to a section 1983 due process claim. *Id.* (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996)). The District Court in *Attallah* dismissed an action similar to this case in which the plaintiff argued that his expulsion violated due process. 94 F. Supp. 3d at 455-58. In so holding, the *Attallah* court found that an Article 78[3] proceeding in New York State Court "'is a perfectly adequate postdeprivation remedy.'" *Id.* at 457 (quoting *Grillo v. New York City Transit Authority*, 291 F. 3d 231, 234 (2d Cir. 2002)).

The *Attallah* court cited other district court cases in the Second Circuit which have held similarly. *Id.* (citing inter alia *Cohn v. New Paltz Sch. Dist.*, 363 F. Supp. 2d 421 (N.D.N.Y. 2005); *S.C. v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-1672 CS, 2012 WL 2940020, at \*10 (S.D.N.Y. July 18, 2012)). In affirming the District Court in *Attallah*, the Second Circuit specifically acknowledged the district court's proper use of these cases as a basis for its holding. 643 F. App'x at \*10. The Second Circuit also found that, to the extent that Attallah was raising any claims challenging the disciplinary action suitable for review in a state-law breach-of-contract action, "the availability of that remedy reinforces the conclusion that Attallah was not denied procedural due process. *Id.* (citing *Campo v. N.Y.C. Emps.' Ret. Sys.*, 843 F.2d 96, 103 n.7 (2d Cir. 1988) ("noting that procedural due process may be satisfied where plaintiff has available 'in addition to Article 78 review, a breach of contract claim'"). The Second Circuit concluded that "the district court correctly dismissed Attallah's § 1983 claims because the availablity of an adequate post-deprivation remedy precluded him

---

[3] N.Y. Civ. Prac. L. & R. § 7801 et seq.

from stating a plausible procedural due process claim. *Id.*

## B. Application

Plaintiff in this case challenges SUNY Potsdam's decision to expel him after a disciplinary hearing based upon plaintiff's violation of a 2011 agreement to stay away from Ms. Smith, that plaintiff admittedly signed. Plaintiff states that there were "judiciary actions taking place," but that SUNY Potsdam failed to provide plaintiff with "notice" of the contract that was allegedly violated, and he claims that he had no notice of the "specific violations" with which he was charged. (AC ¶ 4 at 3). Plaintiff also claims that defendant Robins acted as his "confidant," but failed to provide him all the information he needed to defend himself, claiming that this constituted a "conflict of interest."[4] (*Id.*) Plaintiff states that he appealed to the SUNY Potsdam President, defendant Esterberg, but she upheld the disciplinary determination.

Plaintiff does not allege that he challenged his disciplinary determination in state court through the Article 78 process. As in *Attallah*, and the cases cited therein, the availability[5] of such a remedy precludes plaintiff in this case from stating a plausible due process claim in this action, and plaintiff's due process claim may be dismissed.

---

[4] It is unclear from the amended complaint whether defendant Robbins was a hearing officer or held some other position in the disciplinary process. Plaintiff refers to his expulsion as a decision of the "board." Thus, it appears that defendant Robbins, who plaintiff refers to as the "Director of Code of Conduct," was not the sole decision maker, if she was a decision maker at all.

[5] This applies even if plaintiff may no longer seek such a remedy due to the expiration of the very short statute of limitation for Article 78 challenges. *See Attallah*, 94 F. Supp. 3d at 458 n.10 (stating that the fact that an Article 78 proceeding would have then been untimely did not alter the court's analysis). Thus, the fact that an Article 78 proceeding may no longer be available does not create a viable due process claim in federal court. *Id.*

## II.    State Law Claims

### A.    Legal Standards

State law claims may be reviewed in federal court under the doctrine of "supplemental jurisdiction." 28 U.S.C. § 1367.  In any civil action, where there is original jurisdiction in federal court, the court may exercise supplemental jurisdiction "over all other clams that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, the statute also provides that the court may decline to exercise supplemental jurisdiction in various circumstances, including when the district court "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).  Where the federal claims may be disposed of for failure to state a claim or even on summary judgment grounds, absent exceptional circumstances, "courts should abstain from exercising [supplemental jurisdiction]." *Attallah*, 94 F. Supp. 3d at 458-59.

### B.    Application

In this case, the only federal claim was plaintiff's due process argument.  Both "negligence" and "FOIL" are state law claims.  I find that there are no exceptional circumstances, and this court should decline to review either claim.

#### 1.    FOIL

Plaintiff alleges that the defendants violated the "FOIL Law."  FOIL is the New York State Freedom of Information Law, N. Y. Pub. Off. Law § 87.  This is a New

York State law which applies only to "state" agencies.[6] *Papay v. Haselhuhn*, No. 07 Civ. 3858, 2010 WL 4140430, at *4 (S.D.N.Y. Oct.. 21, 2010). Thus, a FOIL claim could only be considered in this court under supplemental jurisdiction. As stated above, even if the claim were viable under state law, the court would recommend dismissal because plaintiff's only federal claim has been dismissed. In addition, a section 1983 action is not the proper vehicle for bringing a FOIL claim. *Id.* at *8 (citing *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985)). Plaintiff's remedy for an alleged FOIL violation is to appeal in writing within thirty days to the head, chief executive, or governing body of the entity from which he seeks the documents. *Id.* (citing N.Y. Pub. Off. Law § 89(4)(a)). If that appeal determination fails, then the person who is denied access to the record or records may seek review pursuant to state procedures in Article 78. *Id.* (citing N.Y. Civ. Prac. L. & R. § 7801 *et seq.*; N.Y. Pub. Off. Law § 89(4)b)). Thus, to the extent that plaintiff seeks to bring a FOIL claim, it should be dismissed.

### 2. Negligence

There are also no exceptional circumstances which would justify exercising supplemental jurisdiction over plaintiff's negligence claim. As I stated in my February 26, 2016 order, plaintiff is attempting to claim that the university administrators were negligent in placing him in a dormitory in which Ms. Smith also resided. I also noted that the University had no "duty" under New York Law to shield its students from the

---

[6] This law should be distinguished from the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which is applicable only to agencies of the federal government. *Sklarski v. Niagara Falls Bridge Comm'n*, No. 09-CV-633, 2016 WL 6893590, at *2 (W.D.N.Y. Nov. 23, 2016) (citing 5 U.S.C. §§ 552(f)(1), 551(1)). SUNY Potsdam is clearly not a federal agency. Thus, only FOIL would apply in this case.

dangerous activity of others. *Pasquaretto v. Long Island Univ.*, 106 A.D.3d 794, 795, 964 N.Y.S.2d 599 (2d Dep't 2013). There was no indication, based on the facts, or lack of facts, stated by plaintiff in his original complaint that a claim for negligence had been stated against the University.[7]

In his amended complaint, plaintiff attempts to make the same negligence claim by alleging that defendant Morris "personally authorized" plaintiff's placement in Ms. Smith's dormitory. However, if there is no duty, no negligence claim has been stated, regardless of the defendant who is asserted to be responsible for the placement. Thus, plaintiff's negligence claim should also be dismissed. If the court declines to exercise supplemental jurisdiction to hear plaintiff's state law claims, the dismissal of these claims may be without prejudice to plaintiff raising his claims in the appropriate state court.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 10) be

**DISMISSED IN ITS ENTIRETY WITH PREJUDICE AS TO PLAINTIFF'S DUE PROCESS CLAIM (COA #2)**, pursuant to 28 U.S.C. § 1915(e)2)(B)(ii) for failure to state a claim, and it is

**RECOMMENDED**, that plaintiff's **FOIL and NEGLIGENCE** - New York State Law Claims (COAs ## 1, 3), be **DISMISSED WITHOUT PREJUDICE TO PLAINTIFF FILING HIS CLAIMS IN THE APPROPRIATE NEW YORK**

---

[7] In addition, the Eleventh Amendment also bars plaintiff from bringing state law claims against SUNY Potsdam itself under supplemental jurisdiction. *Pennhurst State School & Hosp. v. Halderman*, 455 U.S. 89, 109-15 (1984). *See also Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 541-42 (2002) (supplemental jurisdiction does not extend to claims against non-consenting state defendants).

**STATE COURT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (*citing Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 1, 2017

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge